DECISION AND JUDGMENT
{¶ 1} This is a negligence claim brought by appellee, Karen D. Hill, against her landlord, appellant W-T Realty, for damages arising out the collapse of the building roof over her apartment and falling debris and water into her apartment below. The action was filed in the Small Claims Division of the Sandusky Municipal Court. The case was tried to a magistrate who issued a magistrate's findings and decision on July 3, 2007. In *Page 2 
the entry, the magistrate recommended an award of damages in the amount of $749.36 in favor of appellee and against appellant.
 {¶ 2} Appellant filed objections to the magistrate's findings and decision. In a judgment entry filed on December 17, 2007, the Sandusky Municipal Court overruled the objections and adopted the magistrate's decision as the decision of the court. This appeal followed.
 {¶ 3} Appellant assigns one assignment of error on appeal:
 {¶ 4} "Assignment of Error
 {¶ 5} "The Trial Court erred in entering judgment in favor of plaintiff-appellee and against defendant-appellant for water damage to appellee's personal property which occurred when appellant was investigating the cause of water leaking into appellee's apartment and a portion of the roof over the apartment gave way when it was walked on, allowing water to enter the apartment through the resulting hole. There was no evidence that appellant knew of the defective condition of the roof which caused it to give way or should have known of the defective condition."
 {¶ 6} This is a civil action for damages to personal property that was tried to the court. In such an action, an appellate court will not reverse a trial court's judgment if it is supported by some competent, credible evidence going to all the elements of the case. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus; McGrane v. LighthouseInn, 173 Ohio App.3d 113, 2007-Ohio-4477, ¶ 24. *Page 3 
 {¶ 7} Appellee leased the apartment on October 25, 2006. On or about November 17, 2006, the property was acquired by W-T Realty, appellant, from the prior owner. Appellee reported a ceiling leak to appellant after Thanksgiving that year. Appellant's maintenance records disclose a complaint, by appellee, of a ceiling leak on December 1, 2006.
 {¶ 8} On Friday, January 12, 2007, appellee complained to appellant again. A maintenance request form of that date reported "roof leaks in bedroom."
 {¶ 9} It is undisputed that on Sunday, January 14, 2007, the tenant to the apartment located immediately below appellee's apartment reported to appellant that there was water leaking from his ceiling. On that date, Terry Gilbert, a maintenance technician for appellant, came to appellee's apartment, while responding to the other tenant's complaint. Gilbert inspected appellee's apartment. He testified that he found a ceiling leak from the bathroom ceiling into the bathtub and down the wall into the closet.
 {¶ 10} Gilbert inspected the roof over appellee's apartment and told her that there was more than 20 gallons of water accumulated on the roof over her apartment. Subsequently, Robert Waldock arrived and joined Gilbert in responding to the water problem. While the two were attempting to pump the accumulated water from the roof, Waldock, admittedly, stepped through the roof, causing the water and debris from the collapsed roof to fall into appellee's apartment below.
 {¶ 11} Appellee's complaint included an allegation that appellant was negligent in "trying to drain water that is an excessive amount, not using proper equipment or ways to *Page 4 
retrieve the high volume of water that was on the roof." The magistrate's decision was based on the negligent repair claim.
 {¶ 12} On appeal appellant argues that the trial court erred in granting judgment to appellee on the basis of negligence because appellant lacked notice of the roof defect. Appellant argues that it had no knowledge of roof problems and had only acquired the property in November 2006. The allegations in suit, however, include allegations of active negligence by appellant after it acquired the property.
 {¶ 13} The claimed negligence included a claim of negligent repairs in response to a known large accumulation of water on the roof with leakage from the roof to apartments located on two different floors of the building below. Additionally, appellant was notified of a potential roof problem six weeks before, when appellee first complained of a ceiling leak.
 {¶ 14} Given these undisputed facts, it was for the trial court, as finder of fact, to determine whether appellant knew or should have known that the roof may have been in such a weakened condition that there was an unreasonable risk of harm to apartments below caused by the manner in which appellant attempted repairs. Robert Waldock admittedly stepped through the roof while attempting repairs and caused its collapse into appellee's apartment.
 {¶ 15} The trial court's judgment that appellant was negligent is supported by substantial evidence upon which reasonable minds could reach different conclusions. We, therefore, find appellant's assignment of error is not well-taken. *Page 5 
 {¶ 16} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1